IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEAN H. CHRISTENSEN,<br><br>                Plaintiff,<br>v.<br><br>WEATHERFORD US LP, et al.,<br><br>                Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:16-cv-170 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge Brooke Wells |

      This matter is referred to the undersigned in accordance with 28 U.S.C. § 636 (b)(1)(B) from Judge Dee Benson.[1] Pending before the Court is Defendant Weatherford US LP's Motion to Dismiss under Rule 4(m) for failure to "serve the summons, with a copy of the complaint, on the defendant as provided for in Rule 4(c) through (k)."[2] Also pending is Plaintiff's Motion to Disqualify Counsel[3] and to Correct Name of Defendant.[4] Having considered the parties' memoranda and relevant law, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED.

      The analysis of Defendant's motion is relatively straightforward. Mr. Christensen filed his Complaint on March 1, 2016.[5] The "Summons in a Civil Action" was filed with the Court on July 5, 2016.[6] Defendant argues the Court should dismiss this action because Plaintiff "failed even to attempt to serve Weatherford within the 90-day [period] provided to effectuate service

---

[1] Docket no. 4.

[2] Mtn. p. 2, docket no. 3.

[3] Docket no. 8.

[4] Docket no. 13.

[5] Complaint, docket no. 1.

[6] Docket no. 2.

under Fed. R. Civ. P. 4(m) and he failed to serve Weatherford with a summons, as required by Fed. R. Civ. P. 4, when service was attempted 127 days after the complaint was filed."[7]

In opposition, Plaintiff alleges he failed to effectuate service because he was caring for his ill wife and he was also ill.  Plaintiff further asserts that even if he fails to show good cause, this Court must still consider whether a permissive extension of time is warranted.  Mr. Christensen is acting *pro se* so he argues the Court should give him added deference and protection.

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[8]  "In order for a plaintiff to show good cause he 'must show meticulous efforts to comply with the rule.'  This means that a plaintiff's inadvertence, negligence, or ignorance of the rules will not constitute good cause for failure to effect timely service."[9]

Here, it is clear that service was not attempted until after the 90 day deadline.  The undersigned finds that Mr. Christensen has failed to show good cause for the failure to timely serve Defendant.[10]  Although Mr. Christensen is acting *pro se* the Court takes judicial notice that

---

[7] Mtn. p. 3.

[8] Fed. R. Civ. P. 4(m) (2016).

[9] *Rich v. Winder*, 2015 WL 3672297, at *2 (D. Utah June 15, 2015) (quoting *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996)); *see also Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10ht Cir. 1994).

[10] There is some question in the record as to whether the service was proper because of the lack of a summons.  The Court however need not reach that question because whether service was proper or not,  it was still outside the time frame set forth in Rule 4.

he has been involved in many other suits and is not your average *pro se* party.[11]  Thus the Court declines Mr. Christensen's invitation to give him added deference and protection.  The undersigned will therefore recommend that this case be dismissed without prejudice.

The Court has considered the other motions filed by Mr. Christensen—Motion to Disqualify Counsel and Motion to Correct Name of Defendant—and finds them to be without merit.  They should therefore be denied or deemed moot since this matter should be dismissed.

## RECOMMENDATION

For the reasons set forth above the undersigned RECOMMENDS that Defendant's Motion to Dismiss be GRANTED.  This case should be dismissed under Rule 4(m).  The remaining motions should be DENIED or DEEMED MOOT.

Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object.  Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of Court.[12]  Any objection must be filed within this deadline.  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 3 February 2017.

*[signature: Brooke C. Wells]*

Brooke C. Wells
United States Magistrate Judge

---

[11] A search of the Court's public docket reveals that Mr. Christensen has been involved in multiple lawsuits before this Court.

[12] *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72.